IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE JUAN HERNANDEZ, #38507-177, Petitioner/Movant, | § § § § | |
| v. | § § | 3:12-CV-0921-B-BK (3:08-CR-268-B(03)) |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. For the reasons that follow, it is recommended that the section 2255 motion be denied.

**I. BACKGROUND**

Petitioner pleaded guilty to conspiring to possess with intent to distribute and distribution of a controlled substance, and was sentenced to 188 months' imprisonment and a 3-year term of supervised release. *See United States v. Hernandez*, 3:08-CR-268-B(03) (N.D. Tex., Dallas Div., Jul. 8, 2010). The United States Court of Appeals for the Fifth Circuit affirmed the conviction, finding no error in the denial of his motion to suppress. *United States v. Hernandez*, 647 F.3d 216 (5th Cir. 2011). Subsequently, Petitioner timely filed this section 2255 motion. (Doc. 2). He requests the retroactive application of *United States v. Jones*, ___ U.S. __, 132 S. Ct. 945 (2012), claims ineffective assistance of counsel, and raises a sentencing error. (Doc. 3 at 6). The government argues the section 2255 motion lacks merit. (Doc. 7).

## II. DISCUSSION

Following conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Under 28 U.S.C. § 2255, a petitioner ordinarily can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*).

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To show prejudice, in the context of a guilty plea, the petitioner must show that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Where conviction was upon a plea of guilty, the petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

### *United States v. Jones* (Claim 1)

Petitioner claims the Supreme Court's decision in *United States v. Jones*, ___ U.S. ___, 132 S. Ct. 945 (2012), should apply retroactively to the Fourth Amendment claim in his section 2255 motion. In *Jones*, the Supreme Court held that the attachment of GPS tracking device to a vehicle, and the subsequent use of that device to monitor the vehicle's movements on public streets, was a search within meaning of Fourth Amendment. *Id*. at 949. A Fourth Amendment claim, however, is barred on collateral review if the petitioner had a full and fair opportunity to

litigate the claim in pre-trial proceedings and on direct appeal. *United States v. Ishmael*, 343 F.3d 741, 742 (5th Cir. 2003) (extending *Stone v. Powell*, 428 U.S. 465, 494 (1976), to section 2255 case). And here, it is undisputed that Petitioner had "a full and fair" opportunity to litigate his Fourth Amendment claim in the district and appellate courts.

Notwithstanding the *Stone v. Powell* bar, *Jones* does not apply retroactively to cases on collateral review. *See Teague v. Lane*, 489 U.S. 288, 310 (1989) ("new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced.").[1] While *Teague* provided for two exceptions (when a new rule places primary, private conduct outside the scope of criminal regulation, and when a new rule alters a "bedrock procedural elements that must be found to vitiate the fairness of a particular conviction"), neither applies here. *Id.* at 311. Requiring police to have a warrant prior to attaching a GPS unit to a suspect's vehicle, "does not render any primary, private conduct outside the scope of the police power." *See Garcia v. Bradt*, No. 09-CV-7941(VB), 2012 WL 3027780, at *5 (S.D. N.Y. Jul. 23, 2012). Nor is the warrant requirement for police GPS tracking "'central to an accurate determination of innocence or guilt.'" *Id. (quoting Teague*, 489 U.S. 313).[2] Therefore, Petitioner's first claim fails.

**Failure to Seek Certiorari Review Based on *Jones* (Claim 2)**

Petitioner asserts that appellate counsel's failure to file a timely petition for a writ of

---

[1] Petitioner's conviction became final in August 2011, and the Supreme Court did not issue the *Jones* decision until five months later, in January 2012.

[2] No federal circuit court has addressed this issue. *See also Reyes-Sotero v. United States*, No. 12-CV-1036, 2012 WL 6681963 (D. Md. Dec. 21, 2012); *United States v. Reyes*, No. 12-CV-555, Crim. No. 09-CR-2487, 2012 WL 4339070, at *6–7 (S.D. Cal. Sept.19, 2012).

certiorari in light of *Jones* amounted to constitutionally ineffective assistance. A criminal defendant, however, has no right to counsel when filing a petition for writ of certiorari with the United States Supreme Court. *Wainright v. Torna*, 455 U.S. 586, 586 (1982) (*per curiam*) (citing *Ross v. Moffitt*, 417 U.S. 600, 617 (1974)). "And where there is no constitutional right to counsel, there cannot be constitutionally ineffective assistance of counsel. *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). *See Wyatt*, 574 F.3d at 459 (denying section 2255 motion because defendant could not claim constitutionally ineffective assistance of counsel based on counsel's failure to file timely petition for a writ of certiorari, since defendant had no constitutional right to counsel in seeking review with the Supreme Court); *Phipps v. United States*, 3:10-CV-2038-M, 2012 WL 2376923 (N.D. Tex. Apr. 30, 2012), *recommendation accepted*, 2012 WL 2389320 (N.D. Tex. June 25, 2012) (same). Accordingly, claim two fails.[3]

In his *Reply*, Petitioner requests for the first time that the United States Court of Appeals for the Fifth Circuit recall and reissue the mandate affirming his judgment of conviction, "so that . . . [he] would have a renewed right to petition for writ of certiorari," citing *Ordonez v. United States*, 588 F.2d 488 (5th Cir. 1979), and other cases cited therein. (Doc. 8 at 13). Unlike *Ordonez*, however, Petitioner does not claim appellate counsel failed to inform him of his right to seek certiorari in the Supreme Court. *See also United States v. Johnson*, 308 Fed. Appx. 768, 768-69 (5th Cir. 2009) (recalling mandate because appellate counsel failed to advise defendant of

---

[3] Because Petitioner had no right to counsel, the Court need not address his assertion that he left his counsel a telephone message (on an unspecified date and time) requesting him to file a petition for writ of certiorari, that counsel had a good faith basis to seek certiorari review, and that counsel "slept on these rights." (Doc. 8 at 13).

right to seek certiorari review). Rather, Petitioner concedes knowing of his certiorari-review right and requesting counsel to do so. (Doc. 8 at 13). Accordingly, Petitioner's request to recall the mandate lacks merit.

Failure to Investigate Duress Defense (Claim 3)

Next, Petitioner contends defense counsel was ineffective because he failed to investigate a defense based on duress, namely that Petitioner transported narcotics because he believed his sister-in-law, Ana Cornelio (Petitioner's co-defendant), would be harmed by her ex-husband, Angel Hernandez (Petitioner's co-defendant and brother), if he did not do so. In his Affidavit, Petitioner states that he "never would have pled guilty to the pending charges if either Mr. Santos [defense counsel] would have told [him] that this constituted a duress defense, or had properly investigated these facts." (Doc. 2 at 23).

Ordinarily, a guilty plea waives all nonjurisdictional defects, including ineffective assistance claims. A petitioner may raise ineffective assistance to the extent that it affected the voluntariness of his plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (*quoting Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir. 1983)) ("'once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived,' and the waiver 'includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'"); *United States v. Hernandez*, 234 F.3d 252, 254 (5th Cir. 2000) (a guilty plea must be knowingly, voluntarily, and intelligently made to be constitutionally valid). In determining the voluntariness of a plea, courts consider all relevant circumstances, including whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had

access to competent counsel. *United States v. Washington,* 480 F.3d 309, 315 (5th Cir. 2007).

Under most circumstances, a defendant may not refute his sworn testimony given at a plea hearing while under oath. *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998). Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74 (1977). A defendant must also overcome the presumption of regularity and "great evidentiary weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether plea is entered voluntarily and knowingly).

In this case, Petitioner's guilty plea was knowing and voluntary. At rearraignment, Petitioner testified that he had read the indictment and understood the charges against him and the essential elements the government would have to prove. *See* Rearraignment Tr. at 4-5. Petitioner also assured the Court that he had reviewed the plea agreement with his attorney, that he understood all of its provisions, including the waiver of the right to appeal, and that no one had promised him anything or pressured him to plead guilty. *Id.* at 5-7, 9, 12. Moreover, Petitioner confirmed reading the factual resume before signing it and agreed the stipulated facts were true. *Id.* at 22-25.

Petitioner's assertion now that defense counsel failed to investigate a defense based on duress and that he would not have pled guilty, if counsel had properly investigated the underlying facts, is without merit. At rearraignment, Petitioner testified that he was "[m]ost definitely" satisfied with his counsel's representation and advice. *See* Rearraignment Tr. at 5. Petitioner assured the Court that he understood that by pleading guilty he was waiving the right to a jury

trial and to be presumed innocent. *Id.* at 16-19. Notably, despite the Court's insistence, Petitioner clearly stated that he had no questions or concerns he wanted to present to defense counsel before entering his plea. *Id.* at 21-22.

Petitioner fails to meet the high burden of proving that his plea was not knowing and voluntary when his testimony at rearraignment completely contradicts his recent claims to the contrary. *See United States v. Cothran*, 302 F.3d 279, 284 (5th Cir. 2002) (giving statements during plea "colloquy greater weight than unsupported, after-the-fact, self-serving assertions"). Accordingly, based on the record, the undersigned rejects Petitioner's conclusory, self-serving assertion that his plea was involuntary and concludes, as did the District Judge, that Petitioner's guilty plea was knowing and voluntary.

Having found no basis for concluding defense counsel misadvised or failed to advise Petitioner about the defense of duress, the undersigned concludes counsel's representation was not manifestly deficient. Furthermore, even assuming deficiency for purposes of the instant section 2255 motion, counsel's alleged failure to investigate the potential duress defense did not prejudice Petitioner in light of his affirmative statements at rearraignment and the specific admonitions of the Court to him. *See Lott v. Hargett,* 80 F.3d 161, 167-68 (5th Cir. 1996) (recognizing that when attorney allegedly provides misinformation to defendant prior to his plea, any potential prejudice may be cured during the plea colloquy). Petitioner has shown no reasonable probability that, at the time of his plea, he would have insisted on proceeding to trial in the absence of an investigation into the duress defense. As noted above, it is clear that Petitioner understood the nature of the charge against him and the consequences of his plea. Moreover, Petitioner reaped substantial benefit from his plea as well. By pleading guilty,

Petitioner obtained a two-level reduction in offense level for acceptance of responsibility. *See* PSR ¶ 37, 45. Under the totality of circumstances, as previously concluded, Petitioner voluntarily entered his plea of guilty notwithstanding counsel's alleged failure to investigate the duress defense. Therefore, Petitioner's third claim fails.

<u>Sentencing Error (Claim 4)</u>

In his Reply, Petitioner confirms that his fourth ground does not raise a time-credit issue, but only challenges the trial court's failure to order that his federal sentence be served concurrently with his California state sentence as discussed at sentencing. (Doc. 8 at 1-2, 19-21; Doc. 9 at 2). Petitioner states, "[t]he Court should correct its sentence through its powers in USSG § 5G1.3 to adjust [his] sentence downward by the approximate two years that he served in the State of California for the same offense conduct." (Doc. 8 at 21). He also appears to request a departure under USSG § 5K2.23. (Doc. 9 at 2).

The Government asserts that "even if . . . [Petitioner] was complaining of an error by this Court that could be redressed through § 2255, his claim would be waived by the appellate waiver in his plea agreement." (Doc. 7 at 16). The Court agrees. By his plea agreement, Petitioner waived "his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255," except for a claim "challeng[ing] the voluntariness of his plea of guilty or this waiver." (Plea Agreement, Doc. 292, ¶ 10). At rearraignment, Petitioner affirmed that his waiver of his right to appeal or otherwise challenge his sentence was knowing and voluntary. *See* Rearraignment Tr. at 9-10. Moreover, notably, he does not challenge the voluntariness of the waiver here.

In any event, to the extent Petitioner is challenging the misapplication of the Sentencing

Guidelines, his claim does not give rise to a constitutional issue cognizable under section 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citing *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994)). Under section, 2255, a petitioner may raise only constitutional errors and other injuries that could not have been raised on direct appeal and that will result in a miscarriage of justice if left unaddressed. *See Faubion*, 19 F.3d at 233 (defendant's claim that district court erred in making upward departure under Sentencing Guidelines could not be considered in postconviction proceeding to vacate, set aside or correct sentence).

Accordingly, Petitioner's fourth claim also lacks merit.[4]

## Evidentiary Hearing Not Required

Petitioner maintains that he is entitled to an evidentiary hearing to develop his second ineffective assistance of counsel claim. (Doc. 8 at 15-16). However, "[w]hen the files and records of a case make manifest the lack of merit of a section 2255 [motion], the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir.

---

[4] The Bureau of Prisons (BOP) (which the Government consulted regarding the fourth ground) submits that Petitioner was ineligible for a USSG 5G1.3(b) adjustment because the State of California released him on parole in March 2010 and, thus, when he was sentenced in this Court, in July 2010, no undischarged term of imprisonment remained with which to run his federal sentence concurrent. *See* Government's July 5, 2012, Letter with attached BOP's response, submitted to the Court and Petitioner, but not filed. Even if Petitioner had been serving an undischarged term of imprisonment, the BOP notes that "it does not appear that the language used by the Court (i.e. stating it would recommend that the inmate receive credit for what he is federally and legally entitled to and ordering the sentence to run concurrently) would have been sufficient indicia the Court intended such an adjustment under 5G1.3(b)." *Id.* Regarding the USSG 5K2.23 departure, the BOP believes "there is insufficient evidence in the Judgment and sentencing transcript that the Court intended such departure." *Id.*

Lastly, according to BOP records, Petitioner commenced his federal sentence on July 1, 2010, and he was granted 119 days in time credit -- from the date of his state parole until sentencing in this Court. *Id.*

1981); *see also United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998) (petitioner was not entitled to evidentiary hearing because he did not meet his burden of proof under section 2255). Accordingly, because Petitioner's claims lack merit, no evidentiary hearing is required in this section 2255 proceeding.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 be **DENIED**.

SIGNED January 29, 2013.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE