UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE JUAN HERNANDEZ, §<br>#38507-177, §<br>    Petitioner/Movant, §<br>§<br>v. §<br>§<br>UNITED STATES OF AMERICA, §<br>    Respondent. § | | 3:12-CV-0921-B-BK<br>(3:08-CR-268-B(03)) |

ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE, AND
DENYING CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. Petitioner filed objections, and the District Court has made a de novo review of those portions of the proposed Findings, Conclusions and Recommendation to which objection was made.

Petitioner objects that defense counsel did not follow the CJA Plan's requirement to assist his client in seeking certiorari review. (Doc. 12 at 3). The CJA Plan provides:

> Promptly after the court of appeals' decision issues, appointed counsel must advise the client in writing of the right to seek further review by filing a petition for writ of certiorari with the United States Supreme Court. If the client asks in writing that counsel file a petition, counsel must do so in a timely manner. If counsel believes filing a petition would be futile, he or she may move the court of appeals to be relieved of the obligation. The court of appeals also may act sua sponte to relieve counsel of any further representation.

CJA Plan § 6, ¶ 4.

Courts have long recognized the importance of having counsel assist CJA clients with petitions for writ of certiorari. *See, e.g., Wilkins v. United States*, 441 U.S. 468 (1979) (direct criminal appeal); United States v. James, 990 F.2d 804 (5th Cir. 1993) (direct criminal appeal).

Here, as the Magistrate Judge concluded, Petitioner does not claim defense counsel failed

to inform him of his right to seek certiorari review as required by the CJA Plan. Nor does Petitioner claim that he sent counsel a written request, as required by the CJA Plan, asking him to file a petition for writ of certiorari. On the contrary, Petitioner concedes in his affidavit that he left counsel a telephone message (on an unspecified date and time) requesting him to file a petition for writ of certiorari. (Doc. 2 at 23). Based on these facts, it does not appear that counsel failed to follow the CJA Plan's requirement to assist his client in seeking certiorari review. Thus, based on his own admissions, Petitioner cannot prevail on his request to now be allowed to pursue a petition for writ of certiorari through the recall of the Court of Appeals mandate. *Cf. James*, 990 F.2d at 805 (holding on direct appeal that defense counsel was required to file petition for certiorari when requested to do so in writing by the defendant, and vacating judgment affirming conviction and sentence so that counsel could file a timely petition for writ of certiorari); *Ordonez v. United States*, 588 F.2d 448, 449 (5th Cir. 1979) (per curiam) (on appeal from denial of section 2255 motion, the court of appeals recalled the mandate in defendant's direct criminal appeal as a result of counsel's failure to file petition for writ of certiorari despite his acknowledgment and promise to defendant that he would seek leave to file a petition out of time).

In its February 8, 2013 response, the Government suggests that the Court advise the Bureau of Prisons (BOP) by letter that "the Court intended its order for the sentence to run concurrently to be, in effect a downward departure under USSG § 5K2.23." (Doc. 11). Petitioner concurs in the Government's request. (Doc. 12 at 7). The Court, however, declines to treat its judgment providing for a concurrent sentence as a downward departure under USSG § 5K2.23. The fact that Defendant was released from his state sentence before he was sentenced in this Court -- leaving no undischarged term of imprisonment with which to run his federal sentence concurrent -- does not justify such action. *See United States v. Cibrian*, 374 Fed. Appx. 524, 529-30 (5th Cir. 2010)

(unpublished per curiam) (fact that concurrent-sentence order "is 'impossible' to fulfill stems not from an inherent flaw on the face of the court's sentencing papers . . . but from the very practical problems that arise in carrying out overlapping state and federal sentences in a dual sovereignty," and amounts to nothing more than a "happenstance [that] does not render the sentence illegal."); *see also United States v. Labeille-Soto*, 163 F.3d 93, 98 (2nd Cir. 1998) (once a state sentence is fully discharged it cannot be made to run concurrently with another sentence).

Accordingly, Petitioner's objections and the Government's suggestions regarding the fourth claim are OVERRULED, and the Court ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge. In addition, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings for the United States District Court, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation and this order in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[1]

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings, as amended effective on December 1, 2009, reads as follows:

> (a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court

SO ORDERED this 20th day of February, 2013.

                                _____
                                JANE J. BOYLE
                                UNITED STATES DISTRICT JUDGE

---

of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.